UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PICADILLY INN EXPRESS,<br><br>　　　　Defendant. | Case No.: 1:16-cv-1596-DAD- JLT |

    The Court has issued an order to show cause based upon what appears to be a lack of standing and subject matter jurisdiction. In the order to show cause, the Court observed that the plaintiff *admits* to never having visited *any* of the locations at issue.

    The plaintiff has now sought a 14-day extension of time to respond to the order. In part, she reports that her attorney is experiencing hardship caused by a medical imperative suffered by his wife; this is grounds for the extension of time. However, in larger part, she claims she needs time to *now* visit each of the locations *in order to establish* standing. In doing so, impliedly, the plaintiff admits that the claims she made in her complaints—that she intended to visit each of the defendants' locations due to "several upcoming planned visits"—was untrue. Thus, this basis is improper and does not support the request for the extension of time. Rather her planned tactic when coupled with her earlier allegations appears to run afoul of Rule 11(b)(3) ["By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or

1

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."] Thus, the Court **ORDERS**:

    1.    The request for the extension of time to **November 23, 2016** is **GRANTED**;

    2.    Regardless of whether the plaintiff files amended complaints, plaintiff[1] and her counsel **SHALL** show cause also why sanctions should not be imposed for making false allegations in the complaints;

    3.    Regardless of whether the plaintiff files an amended complaint, plaintiff **SHALL** file points and authorities that demonstrates that she has stated a claim given the current posture of the case—where she had not visited the sites at issue at the time she filed her complaints but then, in an attempt to establish standing, purposefully visited the sites despite her "actual knowledge" that they failed to comply with the Americans with Disabilities Act.

IT IS SO ORDERED.

    Dated:   **October 31, 2016**               **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff **SHALL** either explain how her earlier allegations were made in error or she SHALL provide evidence to demonstrate that she, indeed, had "upcoming planned visits" to the areas where the hotels are located and given these trips, where she stayed or intends to stay instead.